IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronald Blanding | ) | Case No. 8:12-01179-MGL-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 50.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on May 1, 2012.[1]  [Doc. 1.]  On
May 7, 2012, Petitioner's Amended Petition was filed.  [Doc. 7.]  On August 29, 2012, a
supplement, which Petitioner titled "Motion: Under Rule SCRCP Rule 71.1(d) on (P.C.R.)
Post Conviction Lawyer on Ineffective Assistance of Counsel," was filed.  [Doc. 49.]   On
September 7, 2012, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 50, 51.] On September 10, 2012, the Court filed an Order pursuant
to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Petitioner, this action was filed on May 1, 2012. [Doc. 1-5 (envelope marked
as received by prison mailroom on May 1, 2012).]

to the motion.  [Doc. 52.]  Petitioner filed a response in opposition on September 20, 2012.  [Doc. 61.]  Additional attachments to the response were filed on September 24, 2012 [Docs. 61-5 through 61-8] and November 8, 2012 [Doc. 76].  At the Court's direction [Doc. 94], Respondent filed a reply on April 1, 2013 [Doc. 98].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted in part and denied in part with leave to refile.

## BACKGROUND

Petitioner is incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Dorchester County.  [Doc. 1 at 1.]  Petitioner was indicted in January 2001 for murder.  [App. 1064–65.[2]]  On April 22, 2002, represented by William N. Nettles ("Nettles"), Petitioner proceeded to trial.  [App. 1–770.]  On April 25, 2002, the jury returned a verdict of guilty.  [App. 761.]  Petitioner was sentenced to life imprisonment.  [App. 769.]

**Direct Appeal**

Petitioner appealed his conviction.  On April 21, 2004, Robert M. Dudek ("Dudek") of the South Carolina Office of Appellate Defense filed a brief on Petitioner's behalf in the South Carolina Court of Appeals, raising the following issue:

> Whether the judge erred by ruling there was "insufficient evidence" to justify charging voluntary manslaughter since the correct legal standard was whether there was "no evidence whatsoever" of voluntary manslaughter, since the judge erred as a matter of law by applying the wrong legal standard, and there was evidence of voluntary manslaughter since the

---

[2]The Appendix can be found at Docket Entry Numbers 51-1 through 51-9.

> decedent had threatened appellant's life, and a violent
> confrontation later occurred[]?

[Doc. 51-10 at 4.]  The State filed a response brief on April 22, 2004.  [Doc. 51-11.]  On

December 22, 2004, the South Carolina Court of Appeals filed an unpublished per curiam

opinion affirming the trial court's decision.  [Doc. 51-12.]  Petitioner filed a petition for

rehearing, which was denied.[3]  Dudek filed a petition for writ of certiorari on Petitioner's

behalf in the Supreme Court of South Carolina on June 16, 2005.  [Doc. 51-13.] The State

filed a return on July 18, 2005 [Doc. 51-14], and the Supreme Court of South Carolina

denied certiorari on September 7, 2006 [Doc. 51-15].  Remittitur was issued on September

11, 2006.  [Doc. 51-16.]

**PCR Proceedings**

On October 2, 2006, Petitioner filed a pro se application for post-conviction relief

("PCR") in which he alleged he was being held in custody unlawfully based on the following

ground, quoted substantially verbatim:

> (a)    Trial lawyer and direct appeal was ineffective
> assistance of counsel on the following (30) issues on
> this (P.C.R.) Attachment which is approxi[mate]ly (220)
> pages complete with affidavits backing up his claims.[4]

[App. 788 (footnote added).]  Plaintiff also filed a motion for discovery.[5]  [App. 794–95.]

The State filed a return on October 4, 2007.  [App. 983–86.]

---

[3]The petition for rehearing and order from the Court of Appeals of South Carolina are not included in the record before this Court; however, Respondent represents that Petitioner filed a petition for rehearing, which was denied on March 18, 2005, and Petitioner represents he sought further review by a higher state court, which was denied on March 18, 2005.

[4]The record before this Court does not include the 220-page attachment.

[5]The motion for discovery appears to be two pages of the 220-page attachment to Petitioner's PCR application.

3

An evidentiary hearing concerning the application was held on February 16, 2010,[6] at which Petitioner was represented by Charles Brooks, III ("Brooks"). [App. 988–1050.] At the hearing, testimony was received from Petitioner and Nettles. [*Id.*] On May 17, 2010, the PCR court issued an order denying and dismissing the PCR application with prejudice. [Doc. 51-17.] In its order denying relief, the PCR court stated Petitioner brought the following ineffective assistance of counsel claims:

1. Failed to put accuser on the stand. Person who did the warrant should have testified.
2. Attorney did not give Applicant all discovery materials.
3. Court lacked subject matter jurisdiction because indictment did not state how the victim was killed.
4. Indictment said I killed the decedent but someone else did it.
5. Double jeopardy because I was convicted of a murder that someone else did.
6. No probable cause for a murder warrant.
7. Abuse of discretion because (1) Applicant was portrayed as a drug dealer and (2) Counsel made a remark which Applicant interprets as racial.
8. Illegal search.
9. Attorney did not ask for a directed verdict.
10. I did not see the videotape of Larry Gilliam.
11. Attorney advised me not to testify.
12. Attorney did not give me background or records of witnesses.

---

[6]Between the filing of the return in the PCR court and the hearing, Petitioner filed the following motions and attachments: (1) December 18, 2008 - attachment [App. 856–65]; (2) January 23, 2009 - motion for funds for expert expenses [App. 922–23]; (3) February 19, 2009 - motion to compel discovery [App. 898–02]; (4) March 20, 2009 - brief on right to speedy trial [App. 903–05]; (5) March 30, 2009 - motion to produce fugitive warrant and governor warrant and information supported by an affidavit in the state having jurisdiction of the crime [App. 906–07]; (6) April 21, 2009 - motion on after-discovered evidence [App. 908–11]; (7) April 21, 2009 - motion for sanctions [App. 912–13]; (8) April 29, 2009 - attachment [App. 796–853]; (9) May 15, 2009 - motion to compel discovery [App. 893–95]; (10) July 28, 2009 - motion for sanctions [App. 854–55]; (11) August 24, 2009 - motion for illegal search and seizure [App. 974–75]; (12) August 27, 2009 - motion to suppress [App. 917–21]; (13) September 1, 2009 - motion to quash indictment [App. 889–92]; (14) September 21, 2009 - motion regarding discovery [App. 956–61]; (15) November 16, 2009 - motion to suppress [App. 933–52]; (16) November 19, 2009 - motion for abuse of discretion [App. 924–32]; (17) December 4, 2009 - motion to vacate warrant [App. 878–88]; (18) December 7, 2009 - motion to vacate warrant [App. 873–77]; and (19) January 5, 2010 - motion for prosecutor misconduct [App. 866–72].

4

13.   Alibi witnesses could have placed me in New York. I was in a shelter volunteering.
14.   Attorney did not defend me on malice. I could not have the requisite malice where a co-defendant actually killed the victim.
15.   Attorney did not argue mere presence.
16.   Failed to request jury instruction on co-defendant testimony.
17.   Witnesses failed polygraph examination.
18.   Counsel could have argued that L.A. Jones could not give consent for search of the house when I was out of state.
19.   Counsel failed to request a jury during sentencing.
20.   Counsel should have objected to hand of one – hand of all charge.
21.   There was no twenty-four hour waiting period before I was sentenced.
22.   Counsel did not challenge chain of custody on DNA evidence.

[Doc. 51-17 at 2–3.] The PCR court addressed each allegation and went on to state:

> Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

[*Id.* at 12.]

A notice of appeal was timely filed. On September 23, 2010, Robert M. Pachak ("Pachak") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[7] for writ of certiorari in the South Carolina Supreme Court. [Doc. 51-18.] The petition asserted the following as the sole issue presented:

> Whether defense counsel was ineffective in failing to object to a bad malice charge?

---

[7]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[*Id.* at 3.]  At the same time he filed the *Johnson* petition, Pachak submitted a petition to be relieved as counsel.  [*Id.* at 8.]  Petitioner filed a pro se petition raising the following issues, quoted substantially verbatim:

<u>(Question Presented)</u>

(1)      Did the court erred in holding that petitioner had failed to prove ineffective assistance of counsel on his trial lawyer and direct appeal lawyer on the thirty (30) issues he presented in his post-conviction application hearing on February 16, 2010?

Applicant argues state failed to give an complete adjudication on the merits of his original application.  Applicant contends the (P.C.R.) Court dismissed Blanding's allegations of ineffective assistance of counsel with (prejudice) without making findings of fact on his thirty (30) issues on the specific allegations raised in his (220) page (P.C.R.) Application attachment and failed to respond to any of the motions applicant attorney filed on his behalf.

Appellant argues the state failed to answer (any) of the motions that his lawyer filed on his behalf . . . .

<u>Issue No. (1) Face Accuser</u>

\*\*\*

<u>Issue No.: (2) (Brady Violation)</u>

\*\*\*

<u>Issue No.: (3) (Subject Matter Jurisdiction</u>

\*\*\*

<u>Issue No: (4) (Amendment of Indictment)</u>

\*\*\*

<u>Issue No: (5) (Double Jeopardy)</u>

\*\*\*

<u>Issue No.: (6) (No Probable Cause)</u>

6

\*\*\*

<u>Issue No.: (7) (Abuse of discretion)</u>

\*\*\*

<u>Issue No.: (8) (Alibi Witness)</u>

\*\*\*

<u>Issue No.: (9) (Directed Verdict)</u>

\*\*\*

<u>Issue No.: (10) (Hands of One Hands of All)</u>

\*\*\*

[Doc. 51-19.]  The court denied the petition and granted counsel's request to withdraw on April 18, 2012 [Doc. 51-20] and remitted the matter to the lower court on May 31, 2012 [Doc. 51-21].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on May 1, 2012 and an Amended Petition on May 7, 2012.  Additionally, Petitioner filed a supplement, which he titled "Motion: Under Rule SCRCP Rule 71.1(d) on (P.C.R.) Post Conviction Lawyer on Ineffective Assistance of Counsel."  [Doc. 49.]   In his Petition, Petitioner raises the following grounds for relief: Amendment of Indictment; Double Jeopardy; Brady Violation; and Alibi Witness. [Doc. 1.]   In his Amended Petition, Petitioner raises the following grounds for relief: Amendment of Indictment; Double Jeopardy; Malice Charge; and Brady Violation.  [Doc. 7.]  In his supplement, Petitioner argues his PCR counsel refused to file a Rule 59(e) motion after the PCR order was filed and that ineffective assistance of PCR counsel may establish cause for procedural default under *Martinez v. Ryan*, 132 S.Ct. 1309

(2012). [Doc. 49.] Additionally, Petitioner filed an attachment with both his Petition and Amended Petition.[8] In that attachment, Petitioner raises fourteen labeled issues:

(1)     Face accuser
(2)     Amendment of indictment
(3)     Double jeopardy
(4)     Subject matter jurisdiction
(5)     No probable cause
(6)     Request a jury during sentencing
(7)     Alibi witness
(8)     Malice charge
(9)     Brady violation
(10)    Reasonable doubt
(11)    Hands of one hands of all
(12)    Abuse of discretion
(13)    Criminal history
(14)    Failure to impeach witness.

[Docs. 1-1; 7-1.] A closer review of the attachment, however, reveals that claims were also potentially raised in the introductory section of the attachment and that sub-issues were raised under each issue. Accordingly, liberally construing Petitioner's filings, the Court treats the Petition, Amended Petition, and attachment together as alleging the following grounds for relief:

(a)     Amendment of indictment

(b)     Double jeopardy

(c)     Malice charge

(d)     *Brady* violation

---

[8]The attachments appear to be the same hand-written document, filed twice, though the attachment filed with the Amended Petition is missing page 20 and has fewer state court exhibits included. [*See* Docs. 1-1; 1-2; 7-1; 7-2.]

8

(e)     Alibi witness[9]

(f)     Prosecutor and judge acted/failed to act, thereby infecting the trial

(g)     Trial counsel failed to preserve legal errors and make objections

(h)     Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law

(i)     The PCR court erred in not ruling on all 30 issues raised and not ruling on Petitioner's motions[10]

(j)     Face accuser
        (i)     Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify

(k)     Amendment of indictment
        (i)     Petitioner's due process was violated when his indictment was impermissibly amended because he was convicted of wanton murder but was indicted for intentional murder, the indictment lacked essential elements and did not state anyone else was involved
        (ii)    Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment

(m)     Double jeopardy
        (i)     Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment

---

[9]Grounds (a) through (e) are found in the Petition and Amended Petition. [Docs. 1; 7.] Although these issues are also addressed in the attachment, the Court lists them separately here because Petitioner addresses them in the attachment as ineffective assistance of counsel claims and appears to raise them in the Petition and Amended Petition as direct claims.

[10]Grounds (f) through (i), to the extent Petitioner raises these as grounds for relief, are found in the introductory section of the attachment.  [Docs. 1-1 at 9–13; 7-1 at 9–13.]

(n)    Subject matter jurisdiction[11]

    (i)    Trial and appellate counsel were ineffective for failing to challenge a deficiency in the indictment

    (ii)    Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner

    (iii)    Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing

    (iv)    Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful

    (v)    Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge

    (vi)    Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest

    (vii)    Trial and appellate counsel were ineffective for failing to argue the indictment was never stamped and filed with the Clerk of Court

    (viii)    Trial and appellate counsel were ineffective for failing to argue the arrest warrant was never properly filed with the Clerk of Court within 15 days from the date of arrest

    (ix)    Trial and appellate counsel were ineffective for failing to argue Petitioner had no way of knowing what Code § 16-3-20 was for because there was no description of the offense in the indictment and this code section was not on the arrest warrant

(o)    No probable cause

    (i)    Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case

(p)    Request a jury during sentencing

    (i)    Trial counsel was ineffective for failing to request a jury trial during the sentencing phase of trial

---

[11]The Court construes each argument under the labeled issue "subject matter jurisdiction" as an ineffective assistance of trial and appellate counsel claim because the initial paragraph under this issue states, "[Petitioner] argues trial lawyer and direct appeal lawyer was ineffective assistance of counsel for failing to bring up or argue on record or object or make any motion in [Petitioner's] defense on any of the following issues . . . ." [Docs. 1-1 at 22; 7-1 at 21.]

(q)　Alibi witness
    (i)　Trial counsel was ineffective for failing to request an alibi instruction, failing to contact or investigate alibi defense witnesses, and failing to advise Petitioner that the State had no substantial evidence of his guilt and therefore a potential alibi defense existed

(r)　Malice charge
    (i)　Trial and appellate counsel were ineffective for failing to object to an improper malice instruction

(s)　*Brady* violation
    (i)　Trial counsel failed to give Petitioner a copy of the sworn written affidavits of several people stating Petitioner chased, stabbed, and asphyxiated the decedent
    (ii)　Trial counsel failed to give Petitioner a copy of the videotape confession of a witness and failed to request an inspection of the videotape or inform Petitioner of his right to attend a viewing of the videotape
    (iii)　Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants
    (iv)　Trial counsel failed to provide Petitioner with the bill of indictment or bill of particulars
    (v)　Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial

(t)　Reasonable doubt
    (i)　Trial and appellate counsel were ineffective for failing to challenge the reasonable doubt jury instruction

(u)　Hands of one, hands of all
    (i)　Trial counsel was ineffective for failing to object to admission of co-conspirator hearsay
    (ii)　Trial counsel was ineffective for failing to challenge hands of one, handls of all theory because the State did not establish a conspiracy

(v)　Abuse of discretion[12]
    (i)　Trial counsel was ineffective for failing to object to inadmissible evidence
    (ii)　Trial counsel was ineffective for failing to object to leading questions

---

[12]The Court construes each argument under the labeled issue "abuse of discretion" as an ineffective assistance of trial counsel claim because the initial paragraph under this issue states, "[Petitioner] argues the trial lawyer was ineffective assistance of counsel, when he failed to object or put on record or make any motion in [Petitioner's] defense on the abuse of discretion on the following issues."  [Docs. 1-1 at 48; 7-1 at 47.]

      (iii)    Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law

      (iv)    Trial counsel was ineffective for failing to object when the trial judge allowed trial counsel to make a racist remark at trial

      (v)    Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony

      (vi)    Trial counsel was ineffective for failing to object when the trial judge failed to rule on showing the jury a videotape of a witness showing an inconsistent statement

      (vii)    Trial counsel was ineffective for failing to object to opening and closing remarks when the solicitor said Petitioner was a drug dealer

  (w)    Criminal history

      (i)    Trial counsel was ineffective when he withheld from Petitioner and jury witness Larry Gilliam's criminal background

  (x)    Failure to impeach witness

      (i)    Trial counsel was ineffective for failing to impeach the State's eyewitness[13]

As stated, on September 7, 2012, Respondent filed a motion for summary judgment. [Doc. 50.]  On September 18, 2013, Petitioner filed a response in opposition and filed additional attachments on September 24, 2012 and November 8, 2012.[14]  [Docs. 61; 61-5 through 61-8; 76.]  Respondent filed a reply on April 1, 2013.  [Doc. 98.]  Accordingly, Respondent's motion is ripe for review.

---

    [13]Grounds (g) through (x) and any sub-issues raised under these grounds are found in the attachment. [Docs. 1-1 at 13–64; 7-1 at 13–63.]

    [14]Additionally, Petitioner has filed numerous motions in this case [Docs. 16; 30; 31; 32; 33; 34; 35; 42; 54; 72; 77; 79; 80; 81; 82; 87; 93], some of which have been filed as additional attachments to other filings in the case [*see, e.g.*, Doc. 61-5 (document titled "motion: for subject matter jurisdiction under Rule (12)," which was filed as an attachment to Petitioner's response in opposition to motion for summary judgment)]. The Court has previously ruled on Petitioner's motions and, in many of those Orders, the Court  indicated it would consider the arguments raised in the motions as supportive of the Petition.  [*See, e.g.*, Doc. 40.] Accordingly, the Court considers the arguments raised in Petitioner's motions as supportive of the grounds raised in the Petition, Amended Petition, and attachment.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

14

> (including those made for purposes of the motion only),
> admissions, interrogatory answers, or other materials;
> or
>
> (B) showing that the materials cited do not establish the
> absence or presence of a genuine dispute, or that an
> adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

15

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

16

(B)    (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C.

17

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.   S.C. R. Civ. P. 59(e).   Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.   *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[15]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.   For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.   S.C. App. Ct. R. 203(b)(2), (d)(1)(B).   A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.   S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.   *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).   Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.   *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in

---

[15]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of

procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental

miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends many of the grounds raised in the Petition, Amended Petition, and attachment are procedurally barred.  [Doc. 51.] Respondents also argue Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice.  [*Id.* at 61–64.] Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*, 132 S.Ct. 1309, because Brooks failed to file a Rule 59(e) motion after the PCR court filed its order.[16]  [Doc. 49.] Additionally, Petitioner included with his Petition a letter from Brooks indicating Brooks would file a Rule 59(e) motion only if the PCR court's order did not address all issues in

---

[16]In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  132 S.Ct. at 1315.

22

Brooks's professional opinion.  [Doc. 1-3 at 2.]   The Court agrees some grounds are procedurally barred.

### *Grounds Not Presented to the South Carolina Supreme Court in Petitioner's Petition for Writ of Certiorari*

As an initial matter, the following grounds are procedurally barred because they were not presented to the South Carolina Supreme Court in Petitioner's petition for writ of certiorari [*see* Docs. 51-18; 51-19]:

(n)(viii)   Trial and appellate counsel were ineffective for failing to argue the arrest warrant was never properly filed with the Clerk of Court within 15 days from the date of arrest

(n)(ix)   Trial and appellate counsel were ineffective for failing to argue Petitioner had no way of knowing what Code § 16-3-20 was for because there was no description of the offense in the indictment and this code section was not on the arrest warrant

(p)(i)   Trial counsel was ineffective for failing to request a jury trial during the sentencing phase of trial

(s)(iv)   Trial counsel failed to provide Petitioner with the bill of indictment or bill of particulars

(t)(i)   Trial and appellate counsel were ineffective for failing to challenge the reasonable doubt jury instruction

(u)(i)   Trial counsel was ineffective for failing to object to admission of co-conspirator hearsay

(v)(iv)   Trial counsel was ineffective for failing to object when the trial judge allowed trial counsel to make a racist remark at trial[17]

---

[17]The Court notes it has construed all sub-issues under the "abuse of discretion" heading as ineffective assistance of counsel claims, *see supra*, note 8; however, Petitioner may be attempting to raise this sub-issue as a direct claim because Nettles is the attorney who made the allegedly racist remark at trial [App. 497:23–498:5].  However, even as a direct claim, this ground would be procedurally barred because Petitioner did not raise this claim at trial or on direct appeal.  Accordingly, this ground is procedurally barred as a direct claim.

(v)(vi)     Trial counsel was ineffective for failing to object when the trial judge failed to rule on showing the jury a videotape of a witness showing an inconsistent statement

(v)(vii)    Trial counsel was ineffective for failing to object to opening and closing remarks when the solicitor said Petitioner was a drug dealer

(w)(i)      Trial counsel was ineffective when he withheld from Petitioner and jury witness Larry Gilliam's criminal background

(x)(i)      Trial counsel was ineffective for failing to impeach the State's eyewitness.

Because these grounds were not fairly presented to the South Carolina Supreme Court, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.  *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Grounds Not Raised On Appeal*

The following grounds are procedurally barred as direct claims because they were not raised on appeal [*see* Doc. 51-10]:

(a)     Amendment of indictment

(b)     Double jeopardy

(c)     Malice charge

(d)     *Brady* violation

(e)     Alibi witness

(f)     Prosecutor and judge acted/failed to act, thereby infecting the trial.

(k)(i)   Petitioner's due process was violated when his indictment was impermissibly amended because he was convicted of wanton murder but was indicted for intentional murder the indictment lacked essential elements and did not state anyone else was involved

Because these claims were not presented on appeal, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

### *Grounds Not Addressed in the PCR Court's Final Order of Dismissal*

The following claims were raised to the South Carolina Supreme Court in either the *Johnson* petition or Petitioner's pro se petition for writ of certiorari but were not addressed at all or were not addressed in the same manner the claim was brought here in the PCR court's final order of dismissal, e.g. addressed as a direct claim by the PCR court but raised here as an ineffective assistance of counsel claim[18]:

(g)   Trial counsel failed to preserve legal errors and make objections

(h)   Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law

(j)(i)   Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify

(k)(ii)   Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment

(m)(i)   Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment

---

[18]As previously stated, the record before this Court does not include the 220-page attachment apparently filed with Petitioner's pro se PCR application.  The 220-page attachment purportedly raised 30 issues to the PCR court.  [*See* App. 788 (listing as the ground raised in the PCR court, "Trial lawyer and direct appeal was ineffective assistance of counsel on the following (30) issues on this (P.C.R.) Attachment which is approxi[mate]ly (220) pages complete with affidavits backing up his claims").]  Accordingly, the Court is unable to determine whether these issues were actually raised to the PCR court.  If these issues were not raised in the PCR application, they are procedurally barred for failure to raise them to the PCR court. However, if they were raised in the PCR application but not addressed in the PCR court's order, they are procedurally barred for failure to file a Rule 59(e) motion.

and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment

(n)(ii)    Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner

(n)(iii)    Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing

(n)(iv)    Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful

(n)(v)    Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge

(n)(vi)    Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest

(n)(vii)    Trial and appellate counsel were ineffective for failing to argues the indictment was never stamped and filed with the Clerk of Court

(o)(i)    Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case

(s)(iii)    Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants

(s)(v)    Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial

(v)(i)    Trial counsel was ineffective for failing to object to inadmissible evidence

(v)(ii)    Trial counsel was ineffective for failing to object to leading questions

(v)(iii)    Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law

26

(v)(v)        Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony.

Petitioner failed to file a Rule 59(e) motion to preserve for appeal any of these issues that were raised to the PCR court; therefore, they are procedurally barred from federal habeas review, *see Marlar*, 653 S.E.2d 266, absent a showing of cause and actual prejudice.

### *Cause and Prejudice*

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez* because Brooks failed to file a Rule 59(e) motion after the PCR court filed its order. Additionally, Petitioner included with his Petition a letter from Brooks indicating Brooks would file a Rule 59(e) motion only if the PCR court's order did not address all issues in Brooks's professional opinion. [Doc. 1-3 at 2.]

With respect to the grounds found to be procedurally barred for failure to raise them to the South Carolina Supreme Court in Petitioner's petition for writ of certiorari or for failure to raise them on appeal, Petitioner has failed to establish cause. Petitioner's argument regarding Brooks's failure to file a Rule 59(e) motion with the PCR court cannot

establish cause for these procedurally defaulted grounds. Accordingly, these claims are procedurally barred from consideration by a federal habeas court and should be dismissed.

With respect to the grounds raised to the South Carolina Supreme Court in either the *Johnson* petition or Petitioner's pro se petition for writ of certiorari but not addressed by the PCR court, Petitioner's argument regarding Brooks's failure to file a Rule 59(e) motion could establish cause if the Court were to find Brooks was ineffective for failing to file the Rule 59(e) motion. Respondent has failed to specifically address Petitioner's argument regarding Brooks's failure to file a Rule 59(e) motion in the PCR court. [*See* Docs. 51 at 61, n.14 ("Petitioner argues he can show cause and prejudice for his procedurally barred claims of ineffective assistance of trial counsel under Martinez v. Ryan, 2102 W.L. 912950 (2012). He cannot. Petitioner has not shown that PCR counsel was ineffective in failing to raise any of his procedurally barred claims of ineffective assistance of trial counsel, and there is no substantive merit to any of the procedurally barred claims of ineffective assistance of trial counsel he raises in his petitions or his attachments. Id.; Strickland. Of course, claims of trial court error, prosecutorial misconduct, and ineffective assistance of appellate counsel are not affected by Martinez. There is no merit to any of those grounds either. (See Merits Section, infra)."); 98 at 45, n. 11 (same).] Further, because the 220-page attachment to Petitioner's PCR application is not included in the record before this Court, the Court is unable to determine what issues were raised to the PCR court but not addressed in its order and, therefore, are potentially impacted by Petitioner's argument that Brooks's failure to file a Rule 59(e) motion establishes cause to overcome the procedural bar. In the interest of judicial economy, the Court should determine whether Petitioner can establish cause to overcome the procedural bar before

28

addressing the merits of these issues for the first time without factual findings and determinations by the PCR court.  Therefore, the Court recommends Respondent be directed (1) to refile its motion for summary judgment with respect to these eighteen issues[19] and (2) to specifically address Petitioner's argument that Brooks's failure to file a

---

[19]The eighteen issues are as follows:

| | |
|---|---|
| (g) | Trial counsel failed to preserve legal errors and make objections |
| (h) | Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state l |
| (j)(i) | Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify |
| (k)(ii) | Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment |
| (m)(i) | Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment |
| (n)(ii) | Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner |
| (n)(iii) | Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing |
| (n)(iv) | Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful |
| (n)(v) | Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge |
| (n)(vi) | Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest |
| (n)(vii) | Trial and appellate counsel were ineffective for failing to argues the indictment was never stamped and filed with the Clerk of Court |
| (o)(i) | Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case |
| (s)(iii) | Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants |
| (s)(v) | Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial |
| (v)(i) | Trial counsel was ineffective for failing to object to inadmissible evidence |
| (v)(ii) | Trial counsel was ineffective for failing to object to leading questions |
| (v)(iii) | Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law |
| (v)(v) | Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony. |

Rule 59(e) motion in the PCR court establishes cause for the procedural default on these grounds.  Additionally, Respondent should be directed to file with the Court Petitioner's 220-page attachment to his pro se PCR application.

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's

30

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

### (i)     The PCR court erred in not ruling on all 30 issues raised and not ruling on Petitioner's motions

Petitioner argues the PCR court failed to address all of his thirty issues and make specific findings of fact and failed to address any of his motions.  [Docs. 1-1 at 11–13; 7-1 at 11–13.]  Respondent argues (1) this ground is procedurally barred because Petitioner did not file a Rule 59(e) motion to have the PCR court address all of the issues, and (2) this ground does not set forth a cognizable federal habeas claim.  [Doc. 51 at 26–27.]  The Court agrees this ground does not set forth a cognizable federal habeas claim because claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.[20]  *Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988).

---

[20]Although this issue appears to be procedurally defaulted and potentially impacted by Petitioner's argument regarding cause to overcome the default, the Court addresses this issue because it is not a cognizable federal habeas claim.  Accordingly, it would not be in the Court's or the litigants' best interest for the parties to re-address this issue.

### (n)(i)   Trial and appellate counsel were ineffective for failing to challenge a deficiency in the indictment

Petitioner argues trial and appellate counsel were ineffective for failing to object to the indictment on the basis that it omitted essential elements of the offense and, therefore, the trial court lacked subject matter jurisdiction.  [Docs. 1-1 at 22–23; 7-1 at 21–22.] Respondent argues there is no merit to this claim.  [Doc. 51 at 31.]  The Court agrees with Respondent.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[21]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."  *Id.*; *see also  Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks

---

[21] In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. at 687.  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.

merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court evaluated Nettles's performance under the standard set forth in *Strickland*. [Doc. 51-17 at 4–5, 7–8.] The PCR court found,

> Even if there were a defect, defects in the indictment do not affect subject matter jurisdiction. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); See also U.S. v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002). The indictment is a notice document, and any challenges to its sufficiency must be made in accordance with S.C. Code. Ann. § 17-19-90 (2003). See also S.C. Code § 17-19-20 (2003). Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. See Gentry, 363 S.C. 93, 610 S.E.2d 494; Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994).
>
> Applicant was tried under a theory of "hand of one, hand of all." As stated in State v. Thompson, 374 S.C. 257, 261–62, 647 S.E.2d 702, 705 (Ct. App. 2007:
>
>> "Under the 'hand of one is the hand of all' theory [of accomplice liability], one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." State v. Condrey, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002). "A *defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense*." Id. At 194, 562 S.E.2d at 325. [Emphasis supplied.]

> Based on the foregoing, I find that the court had subject matter jurisdiction. Further, Applicant has failed to demonstrate that Counsel's failure to challenge the indictment was deficient in this case.

[*Id.* at 8.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.[22]

### (q)(i)   *Trial counsel was ineffective for failing to request an alibi instruction, failing to contact or investigate alibi defense witnesses, and failing to advise Petitioner that the State had no substantial evidence of his guilt and therefore a potential alibi defense existed*

Petitioner argues trial counsel was ineffective for failing to request an alibi instruction, failing to contact or investigate alibi defense witnesses, and failing to advise Petitioner that the state had no substantial evidence of his guilt and therefore a potential alibi defense existed. [Docs. 1-1 at 34–37; 7-1 at 33–36.] Respondent argues (1) this claim is procedurally barred because the PCR court did not address ineffective assistance of counsel for failing to request an alibi instruction and (2) Petitioner did not show an

---

[22]Although the PCR court addressed this claim only with respect to ineffective assistance of trial counsel, if trial counsel failed to challenge the indictment, the issue was not preserved and could not have been raised by appellate counsel on appeal. *See State v. Hoffman*, 440 S.E.2d 869, 873 (S.C. 1994) (stating an issue not properly preserved cannot be raised for the first time on appeal). Because trial counsel was not ineffective for failing to challenge the indictment, this issue was not preserved for appeal; accordingly, appellate counsel could not have raised the issue and could not be found ineffective for failing to raise the issue.

evidentiary basis for this claim in state court proceedings. [Doc. 51 at 42.] The PCR court addressed Brooks's alleged failure to investigate alibi witnesses; accordingly, the Court will address this claim.

The PCR court addressed Nettles's failure to investigate alibi witnesses under the standard set forth in *Strickland*. [Doc. 51-17 at 4–5, 7.] The PCR court found,

> Counsel had no recollection [of] Applicant requesting that he locate additional witnesses. I find Counsel's testimony to be credible. I find Counsel's performance to be reasonable in this regard. Moreover, Applicant has failed to demonstrate prejudice in this regard. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result). Applicant has failed to produce testimony of additional witnesses or facts which additional investigation could have yielded. . . . I therefore find that Applicant has failed to demonstrate prejudice.

[*Id.* at 7.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.[23]

---

[23]Although Petitioner argues Nettles "lied and committed perjury" in the PCR hearing [Docs. 1-1 at 35; 7-1 at 34], the PCR court found Nettles's testimony to be credible [Doc. 51-17 at 7]. Petitioner has not established that the PCR court's credibility determination was without support. *See Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'" (internal citations omitted)).

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. The PCR court accurately described Nettles's representations to the PCR court that he had no independent recollection of Petitioner giving Nettles information about a potential alibi witness and that, if Petitioner had given Nettles that information, Nettles would have "tracked it down." [App. 1042, 1044.] As the PCR court pointed out, Petitioner failed to produce testimony from any potential alibi witnesses; accordingly, the PCR court had no basis to conclude Nettles provided ineffective assistance of counsel for failing to investigate alibi witnesses.[24] Therefore, the Court concludes the PCR court's decision was not an unreasonable application of Supreme Court precedent.

### (r)(i)   Trial and appellate counsel were ineffective for failing to object to an improper malice instruction

Petitioner argues trial and appellate counsel were ineffective for failing to object to improper malice instructions that shifted the burden of proof to Petitioner by creating a rebuttable presumption of malice from the use of a deadly weapon. [Docs. 1-1 at 37–39; 7-1 at 36–38.] Respondent argues (1) this claim is procedurally barred because the PCR court did not address the issue, (2) Petitioner did not show an evidentiary basis for this claim in state court proceedings, and (3) Petitioner cannot show prejudice under *Strickland*. [Doc. 51 at 42–44.] The PCR court addressed the malice instruction; accordingly, the Court will address this claim.

---

[24]Although the PCR court addressed this issue only as ineffective assistance of counsel for failure to investigate alibi witnesses, and the issue is raised here as failure to investigate and failure to request an alibi instruction, if counsel was not ineffective for failing to investigate and there was no record of an alibi witness, counsel likewise would have had no reason to request an alibi instruction and, therefore, was not ineffective for failing to request an alibi instruction.

The PCR court addressed Nettles's performance with regard to jury instructions and arguments on malice under the standard set forth in *Strickland*. [Doc. 51-17 at 4–5, 10–11.] The PCR court found,

> The trial court also instructed the jury on malice. (Tr. pp. 741–743.) . . . The charges appear to be correct charges on the law at the time given. Counsel thoroughly argued that Applicant had not perpetrated the crime and that the State had presented evidence that other co-defendants were guilty. Based on the foregoing, I find no error by Counsel in failing to object to these charges and no deficiency in his presentation of the defense theory of the case through closing argument. Applicant has further failed to demonstrate any prejudice in this regard.

[*Id.* at 11.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.[25]

---

[25]Although the PCR court addressed this claim only with respect to ineffective assistance of trial counsel, if trial counsel failed to object to the jury instruction, the issue was not preserved and could not have been raised by appellate counsel on appeal. *See State v. Hoffman*, 440 S.E.2d at 873 (stating an issue not properly preserved cannot be raised for the first time on appeal). Because trial counsel was not ineffective for failing to object to the malice instruction, this issue was not preserved for appeal; accordingly, appellate counsel could not have raised the issue and could not be found ineffective for failing to raise the issue.

### (s)(i)  Trial counsel failed to give Petitioner a copy of the sworn written affidavits of several people stating Petitioner chased, stabbed, and asphyxiated the decedent

Petitioner argues trial counsel failed to give Petitioner a copy of sworn written affidavits of several people stating Petitioner chased, stabbed, and asphyxiated the decedent.  [Docs. 1-1 at 39; 7-1 at 38.]  Respondent argues (1) this claim is procedurally defaulted because the PCR court did not address this issue and (2) Petitioner failed to make an evidentiary showing in state court to substantiate this claim.  [Doc. 51 at 44–45.]  The PCR court addressed the alleged failure to procure and/or share items of evidence with Petitioner; accordingly, the Court will address this claim.

The PCR court addressed Nettles's alleged failure to procure and/or share various items of evidence with Petitioner under the standard set forth in *Strickland*.  [Doc. 51-17 at 4–5, 7.]  The PCR court found,

> Counsel testified that he did receive discovery materials, including witness statements, crime scene information, pictures, DNA, and the video of Larry Gilliam.  Counsel testified that he met with Applicant at the jail.  Counsel testified that he brought discovery materials to Applicant in binders for review but noted that Applicant would not have been permitted to keep these materials in prison. . . . I find Counsel's testimony to be credible.  I find Counsel's performance to be reasonable in this regard.  Moreover, Applicant has failed to demonstrate prejudice in this regard.  See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result). . . . Applicant has also failed to demonstrate how any alleged deficiency in reviewing evidence with him affected his trial.  I therefore find that Applicant has failed to demonstrate prejudice.

[*Id.* at 7.]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First,

38

the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

### (s)(ii) Trial counsel failed to give Petitioner a copy of the videotape confession of a witness and failed to request an inspection of the videotape or inform Petitioner of his right to attend a viewing of the videotape

Petitioner argues trial counsel was ineffective for failing to give Petitioner a copy of a videotape confession of a witness, failing to request an inspection of the videotape, and failing to inform Petitioner he had a right to attend a viewing of the videotape.  [Docs. 1-1 at 39–42; 7-1 at 38–41.]  Petitioner further contends he did not know about the videotape until trial.  [*Id.* at 39.]  Respondent argues there is no merit to this ground.  [Doc. 51 at 74–76.]  The Court agrees with Respondent.

The PCR court addressed Nettles's alleged failure to procure and/or share various items of evidence with Petitioner under the standard set forth in *Strickland*.  [Doc. 51-17 at 4–5, 7.]  The PCR court found,

> Counsel testified that he did receive discovery materials, including witness statements, crime scene information, pictures, DNA, and the video of Larry Gilliam.  Counsel testified that he met with Applicant at the jail.  Counsel testified that he brought discovery materials to Applicant in binders for review but noted that Applicant would not have been permitted to keep these materials in prison. . . . I find Counsel's testimony to be credible.  I find Counsel's performance to be reasonable in this regard.  Moreover, Applicant has failed to

> demonstrate prejudice in this regard. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result). . . . Applicant has also failed to demonstrate how any alleged deficiency in reviewing evidence with him affected his trial. I therefore find that Applicant has failed to demonstrate prejudice.

[*Id.* at 7.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED in part and DENIED in part, with leave to refile. If the district judge adopts this recommendation, the Court further recommends that Respondent be directed (1) to refile its motion for summary judgment with respect to the remaining eighteen issues and (2) to specifically address Petitioner's argument that Brooks's failure to file a Rule 59(e) motion in the PCR court establishes cause for the procedural default on these grounds. Additionally, Respondent should be directed to file with the Court Petitioner's 220-page attachment to his pro se PCR application. Finally, the parties should be directed to address only the remaining eighteen issues in their supplemental filings.

40

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 6, 2013
Greenville, South Carolina