IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Blanding, ) | Civil Action No.: 8:12-1179-MGL-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Warden of McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pro se Petitioner Ronald Blanding ("Petitioner"), a state prisoner confined at McCormick Correctional Institution in McCormick, South Carolina, filed his Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on May 1, 2012. (ECF No.1.) Respondent filed a Return and a Motion for Summary Judgment (ECF Nos. 50 & 51.) This case was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

This matter now comes before the court for review of the Report and Recommendation ("Report") of the Magistrate Judge issued on August 6, 2013. (ECF No. 106.) In the Report, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted in part, and denied in part, with leave to refile. Petitioner filed objections to the Report on August 16, 2013 (ECF No. 108), and Respondent filed objections on August 23, 2013. (ECF No. 109.) For the reasons set forth below, the court adopts the Magistrate Judge's Report and grants in part and denies in part Respondent's Motion for Summary Judgment, with leave to refile.

1

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Petitioner is presently confined at McCormick Correctional Institution. Petitioner was indicted for and found guilty of murder by a jury at the conclusion of a trial taking place between April 22-25, 2002. Petitioner was represented by counsel. He was also sentenced to life imprisonment. Petitioner appealed his conviction to the South Carolina Court of Appeals and was represented by counsel. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 51-12.) Petitioner also filed a Petition for writ of certiorari to the South Carolina Supreme Court which was denied. (ECF No. 51-15.) Subsequently, Petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel. After an evidentiary hearing where Petitioner was represented by counsel, the PCR court issued an order denying the requested relief. (ECF No. 51-17.) A timely notice of appeal and pro se petition for writ of certiorari were filed. (ECF No. 51-18 & 51-19.) The South Carolina Supreme Court denied the petition and remitted the matter to the lower court on May 31, 2012. (ECF No. 51-20 & 51-21.)

Petitioner filed the Petition before this court on May 1, 2012, and an Amended Petition on May 7, 2012. (ECF No. 7.) He filed a supplement to his Petition on August 29, 2012, on the issue of ineffective assistance of his PCR counsel and specifically arguing that his PCR counsel refused to file a Rule 59(e) motion. (ECF No. 49.) Petitioner argued that this failure on the part of the PCR counsel may establish cause for procedural default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Liberally construing Petitioner's filings, the Magistrate Judge noted that Petitioner raised twenty-three (not inclusive of sub-issues) grounds for relief. (ECF No. 106 at 8-12.) Respondent filed a Return and a Motion for

2

Summary Judgment on September 7, 2012. (ECF Nos. 50 & 51.) Petitioner filed a response in opposition to the Motion for Summary Judgment on September 20, 2012 (ECF No. 61) and an additional attachment on November 8, 2012. (ECF No. 76.) Respondent filed a reply to Petitioner's response to the Motion for Summary Judgment on April 1, 2013. (ECF No. 98.)

## REPORT AND RECOMMENDATION

The court is charged with making a *de novo* determination of those portions of the Magistrate Judge's Report to which specific, written objections are made. 28 U.S.C. § 636(b) (1). The court may adopt the portions of the Report to which the Petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. *Thomas v. Am*, 474 U.S. 140, 149-50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and it is the court's responsibility to make a final determination. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

## DISCUSSION/ANALYSIS

In her Report and Recommendation, the Magistrate Judge concluded that some of Petitioner's claims are procedurally barred to include those not presented to the South Carolina Supreme Court in Petitioner's Petition for Writ of Certiorari and those not raised on appeal because Petitioner failed to make a showing of cause and further, the claims cannot be saved by way of Petitioner's argument regarding his PCR counsel's failure to file a rule 59(e) motion.[1] (ECF No. 106 at 23-25, 27-28.) The Magistrate Judge noted that several of Petitioner's other claims were raised to the South Carolina Supreme Court but were not addressed in the PCR court's final order of dismissal and were not preserved

---

[1] The Magistrate Judge also substantively evaluated Plaintiff's claims of error and found they have no merit. (ECF No. 106 at 30-40.)

through the filing of a Rule 59(e) motion. (ECF No. 106 at 25-27.) As to these claims, the Magistrate Judge noted that the court could in fact find that Petitioner's argument concerning the failure to file a Rule 59(e) motion could establish cause if the court were to find that the PCR counsel was ineffective for failing to file the Rule 59(e) motion. (ECF No. 106 at 28.) The Magistrate concluded that Respondent failed to specifically address this argument in his memorandum of law in support of the Motion for Summary Judgment. (ECF No. 106 at 28.) The Magistrate Judge further noted that because Petitioner's lengthy attachment to the PCR application had not been included in the record before her, she was unable to determine what issues were purportedly raised before the PCR court but not addressed in the court's order, and therefore could not fully assess Petitioner's argument regarding PCR counsel's failure to file a Rule 59(e) motion. (ECF No. 106 at 28.) Accordingly, and in the interest of judicial economy, the Magistrate Judge recommended that Respondent be directed to refile his motion for summary judgment on eighteen enumerated issues and to specifically address Petitioner's argument that PCR counsel's failure to file a Rule 59(e) motion in the PCR court establishes cause for the procedural default on the specific enumerated grounds. (ECF No. 106 at 29-30.)

Both parties filed objections to the Magistrate Judge's Report and Recommendation. Petitioner's "objections" are a virtually identical and verbatim restatement of his response to Respondent's Motion for Summary Judgment which was thoroughly considered by the Magistrate Judge. (ECF Nos. 61 & 108.) Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any

4

explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Plaintiff's "objections" do not alert the court to matters which were erroneously considered by the Magistrate Judge. The court finds that the Magistrate Judge prepared an extensive and detailed Report and appropriately addressed Plaintiff's prior arguments. Accordingly, the court, finding no clear error, accepts the recommendations of the Magistrate Judge over Petitioner's objections.

Respondent also filed objections to the Magistrate Judge's Report. (ECF No. 109.) Respondent does not object to any portion of the Report recommending that Respondent be granted summary judgment. (ECF No. 109 at 2.) Respondent objects to the Magistrate Judge's recommendation that summary judgment be denied in part because: (1) Respondent claims that it did sufficiently address Petitioner's *Martinez* claim; and (2) Respondent argues that it was not necessary to provide Petitioner's entire PCR application because it was not made part of the record on appeal and because there is no substantive merit for the procedurally barred claims. (ECF No. 109 at 4.) Nevertheless, Respondent included the PCR attachment as an attachment to his objections. For the sake of thoroughness, the court finds no harm in following the Magistrate Judge's recommendation which would allow for a more complete review, briefing, and analysis of the issues raised by Petitioner. Thus, Respondent's objections are overruled.

## **CONCLUSION**

The court has carefully reviewed the applicable law, the Magistrate Judge's Report, the parties' objections and the record, and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation in full and incorporates it herein by reference. Respondent's motion for summary judgment is GRANTED in part and DENIED in part, with leave to refile. The court further directs

Respondent (1) to refile its motion for summary judgment with respect to the remaining eighteen issues enumerated by the Magistrate Judge and (2) to specifically address Petitioner's argument that PCR counsel's failure to file a Rule 59(e) motion in the PCR court establishes cause for the procedural default on these grounds. Additionally, Respondent is directed to file Petitioner's lengthy attachment to his pro se PCR application as part of the refiled Motion for Summary Judgment. Finally, the parties are directed to address only the remaining eighteen issues in their supplemental filings.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

                                              s/ Mary G. Lewis
                                              United States District Judge

Spartanburg, South Carolina
September 20, 2013