IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronald Blanding | ) | Case No. 8:12-01179-MGL-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on an amended motion for summary judgment filed by Respondent [Doc. 123] and a motion for judgment on the pleadings filed by Petitioner [Doc. 128]. Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on May 1, 2012.[1] [Doc. 1.] On May 7, 2012, Petitioner's Amended Petition was filed. [Doc. 7.] On August 29, 2012, a supplement, which Petitioner titled "Motion: Under Rule SCRCP Rule 71.1(d) on (P.C.R.) Post Conviction Lawyer on Ineffective Assistance of Counsel," was filed. [Doc. 49.] On September 7, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 50, 51.] On September 20, 2013, the Court granted in part and denied in part the motion for summary judgment with leave to refile. [Doc. 118.] The Court

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on May 1, 2012. [Doc. 1-5 (envelope marked as received by prison mailroom on May 1, 2012).]

granted the motion for summary judgment with respect to all but eighteen issues and directed Respondent to refile the motion for summary judgment with respect to those eighteen issues, to specifically address Petitioner's argument that PCR counsel's failure to file a Rule 59(e) motion in the PCR court establishes cause for the procedural default on those grounds, and to file Petitioner's lengthy attachment to his pro se PCR application as part of the refiled motion for summary judgment.  [*Id.*]

On October 21, 2013, Respondent filed an amended motion for summary judgment and an amended return and memorandum and included Petitioner's attachment to his pro se PCR application.  [Docs. 123, 124.]  On October 22, 2013, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 125.]  Petitioner filed a response in opposition on November 7, 2013, along with a motion, which Petitioner titled "Motion: for Judgment on Pleading on subject matter jurisdiction."  [Docs. 127, 128.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's amended motion for summary judgment be granted and Petitioner's motion for judgment on the pleadings be denied.

## **BACKGROUND**

Petitioner is incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Dorchester County.  [Doc. 1 at 1.]  Petitioner was indicted in January 2001 for

murder. [App. 1064–65.[2]] On April 22, 2002, represented by William N. Nettles ("Nettles"),

Petitioner proceeded to trial. [App. 1–770.] On April 25, 2002, the jury returned a verdict

of guilty. [App. 761.] Petitioner was sentenced to life imprisonment. [App. 769.]

**Direct Appeal**

Petitioner appealed his conviction. On April 21, 2004, Robert M. Dudek ("Dudek")

of the South Carolina Office of Appellate Defense filed a brief on Petitioner's behalf in the

South Carolina Court of Appeals, raising the following issue:

> Whether the judge erred by ruling there was "insufficient
> evidence" to justify charging voluntary manslaughter since the
> correct legal standard was whether there was "no evidence
> whatsoever" of voluntary manslaughter, since the judge erred
> as a matter of law by applying the wrong legal standard, and
> there was evidence of voluntary manslaughter since the
> decedent had threatened appellant's life, and a violent
> confrontation later occurred[]?

[Doc. 51-10 at 4.] The State filed a response brief on April 22, 2004. [Doc. 51-11.] On

December 22, 2004, the South Carolina Court of Appeals filed an unpublished per curiam

opinion affirming the trial court's decision. [Doc. 51-12.] Petitioner filed a petition for

rehearing, which was denied.[3] Dudek filed a petition for writ of certiorari on Petitioner's

behalf in the Supreme Court of South Carolina on June 16, 2005. [Doc. 51-13.] The State

filed a return on July 18, 2005 [Doc. 51-14], and the Supreme Court of South Carolina

denied certiorari on September 7, 2006 [Doc. 51-15]. Remittitur was issued on September

11, 2006. [Doc. 51-16.]

---

[2]The Appendix can be found at Docket Entry Numbers 51-1 through 51-9.

[3]The petition for rehearing and order from the Court of Appeals of South Carolina are not included in the record before this Court; however, Respondent represents that Petitioner filed a petition for rehearing, which was denied on March 18, 2005, and Petitioner represents he sought further review by a higher state court, which was denied on March 18, 2005.

3

**PCR Proceedings**

On October 2, 2006, Petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged he was being held in custody unlawfully based on the following ground, quoted substantially verbatim:

> (a)  Trial lawyer and direct appeal was ineffective assistance of counsel on the following (30) issues on this (P.C.R.) Attachment which is approxi[mate]ly (220) pages complete with affidavits backing up his claims.

[App. 788 (footnote added).]  Petitioner also filed a motion for discovery [App. 794–95, Doc. 124-1 at 2–3] and a "PCR Attachment" [Docs. 124-1, 124-2, 124-3].  The State filed a return on October 4, 2007.  [App. 983–86.]

An evidentiary hearing concerning the application was held on February 16, 2010,[4] at which Petitioner was represented by Charles Brooks, III ("Brooks").   [App. 988–1050.] At the hearing, testimony was received from Petitioner and Nettles.  [*Id.*]  On May 17, 2010, the PCR court issued an order denying and dismissing the PCR application with prejudice. [Doc. 51-17.]   In its order denying relief, the PCR court stated Petitioner brought the following ineffective assistance of counsel claims:

---

[4] Between the filing of the return in the PCR court and the hearing, Petitioner filed the following motions and attachments: (1) December 18, 2008 - attachment [App. 856–65]; (2) January 23, 2009 - motion for funds for expert expenses [App. 922–23]; (3) February 19, 2009 - motion to compel discovery [App. 898–02]; (4) March 20, 2009 - brief on right to speedy trial [App. 903–05]; (5) March 30, 2009 - motion to produce fugitive warrant and governor warrant and information supported by an affidavit in the state having jurisdiction of the crime [App. 906–07]; (6) April 21, 2009 - motion on after-discovered evidence [App. 908–11]; (7) April 21, 2009 - motion for sanctions [App. 912–13]; (8) April 29, 2009 - attachment [App. 796–853]; (9) May 15, 2009 - motion to compel discovery [App. 893–95]; (10) July 28, 2009 - motion for sanctions [App. 854–55]; (11) August 24, 2009 - motion for illegal search and seizure [App. 974–75]; (12) August 27, 2009 - motion to suppress [App. 917–21]; (13) September 1, 2009 - motion to quash indictment [App. 889–92]; (14) September 21, 2009 - motion regarding discovery [App. 956–61]; (15) November 16, 2009 - motion to suppress [App. 933–52]; (16) November 19, 2009 - motion for abuse of discretion [App. 924–32]; (17) December 4, 2009 - motion to vacate warrant [App. 878–88]; (18) December 7, 2009 - motion to vacate warrant [App. 873–77]; and (19) January 5, 2010 - motion for prosecutor misconduct [App. 866–72].

1.    Failed to put accuser on the stand.  Person who did the warrant should have testified.
2.    Attorney did not give Applicant all discovery materials.
3.    Court lacked subject matter jurisdiction because indictment did not state how the victim was killed.
4.    Indictment said I killed the decedent but someone else did it.
5.    Double jeopardy because I was convicted of a murder that someone else did.
6.    No probable cause for a murder warrant.
7.    Abuse of discretion because (1) Applicant was portrayed as a drug dealer and (2) Counsel made a remark which Applicant interprets as racial.
8.    Illegal search.
9.    Attorney did not ask for a directed verdict.
10.    I did not see the videotape of Larry Gilliam.
11.    Attorney advised me not to testify.
12.    Attorney did not give me background or records of witnesses.
13.    Alibi witnesses could have placed me in New York.  I was in a shelter volunteering.
14.    Attorney did not defend me on malice.  I could not have the requisite malice where a co-defendant actually killed the victim.
15.    Attorney did not argue mere presence.
16.    Failed to request jury instruction on co-defendant testimony.
17.    Witnesses failed polygraph examination.
18.    Counsel could have argued that L.A. Jones could not give consent for search of the house when I was out of state.
19.    Counsel failed to request a jury during sentencing.
20.    Counsel should have objected to hand of one – hand of all charge.
21.    There was no twenty-four hour waiting period before I was sentenced.
22.    Counsel did not challenge chain of custody on DNA evidence.

[Doc. 51-17 at 2–3.]  The PCR court addressed each allegation and went on to state:

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his

5

application. Therefore, this application for post conviction relief
must be denied and dismissed with prejudice.

[*Id.* at 12.]

A notice of appeal was timely filed.  On September 23, 2010, Robert M. Pachak

("Pachak") of the South Carolina Commission on Indigent Defense filed on Petitioner's

behalf a *Johnson* petition[5] for writ of certiorari in the South Carolina Supreme Court.  [Doc.

51-18.]  The petition asserted the following as the sole issue presented:

> Whether defense counsel was ineffective in failing to object to
> a bad malice charge?

[*Id.* at 3.]  At the same time he filed the *Johnson* petition, Pachak submitted a petition to

be relieved as counsel.  [*Id.* at 8.]  Petitioner filed a pro se petition raising the following

issues, quoted substantially verbatim:

> (Question Presented)
> (1)      Did the court erred in holding that petitioner had failed
> to prove ineffective assistance of counsel on his trial lawyer
> and direct appeal lawyer on the thirty (30) issues he presented
> in his post-conviction application hearing on February 16,
> 2010?
>           Applicant argues state failed to give an complete
> adjudication on the merits of his original application.  Applicant
> contends the (P.C.R.) Court dismissed Blanding's allegations
> of ineffective assistance of counsel with (prejudice) without
> making findings of fact on his thirty (30) issues on the specific
> allegations raised in his (220) page (P.C.R.) Application
> attachment and failed to respond to any of the motions
> applicant attorney filed on his behalf.
>           Appellant argues the state failed to answer (any) of the
> motions that his lawyer filed on his behalf . . . .

> Issue No. (1) Face Accuser

---

[5]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to
*Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See*
*Johnson v. State*,  364 S.E.2d 201 (S.C. 1988).

***

Issue No.: (2) (Brady Violation)

***

Issue No.: (3) (Subject Matter Jurisdiction

***

Issue No: (4) (Amendment of Indictment)

***

Issue No: (5) (Double Jeopardy)

***

Issue No.: (6) (No Probable Cause)

***

Issue No.: (7) (Abuse of discretion)

***

Issue No.: (8) (Alibi Witness)

***

Issue No.: (9) (Directed Verdict)

***

Issue No.: (10) (Hands of One Hands of All)

***

[Doc. 51-19.]  The court denied the petition and granted counsel's request to withdraw on April 18, 2012 [Doc. 51-20] and remitted the matter to the lower court on May 31, 2012 [Doc. 51-21].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on May 1, 2012 and an Amended Petition on May 7, 2012.  Additionally, Petitioner filed a supplement, which he titled "Motion: Under Rule SCRCP Rule 71.1(d) on (P.C.R.) Post Conviction Lawyer on Ineffective Assistance of Counsel."  [Doc. 49.]    In his Petition, Petitioner raises the following grounds for relief: Amendment of Indictment; Double Jeopardy; Brady Violation; and Alibi Witness. [Doc. 1.]   In his Amended Petition, Petitioner raises the following grounds for relief: Amendment of Indictment; Double Jeopardy; Malice Charge; and Brady Violation.  [Doc. 7.]  In his supplement, Petitioner argues his PCR counsel refused to file a Rule 59(e) motion after the PCR order was filed and that ineffective assistance of PCR counsel may establish cause for procedural default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  [Doc. 49.]  Additionally, Petitioner filed an attachment with both his Petition and Amended Petition.[6]  In that attachment, Petitioner raises fourteen labeled issues:

>    (1)     Face accuser
>    (2)     Amendment of indictment
>    (3)     Double jeopardy
>    (4)     Subject matter jurisdiction
>    (5)     No probable cause
>    (6)     Request a jury during sentencing
>    (7)     Alibi witness
>    (8)     Malice charge
>    (9)     Brady violation
>    (10)    Reasonable doubt
>    (11)    Hands of one hands of all
>    (12)    Abuse of discretion
>    (13)    Criminal history
>    (14)    Failure to impeach witness.

---

[6]The attachments appear to be the same hand-written document, filed twice, though the attachment filed with the Amended Petition is missing page 20 and has fewer state court exhibits included.  [*See* Docs. 1-1; 1-2; 7-1; 7-2.]

[Docs. 1-1; 7-1.] A closer review of the attachment, however, reveals that claims were also potentially raised in the introductory section of the attachment and that sub-issues were raised under each issue. Accordingly, liberally construing Petitioner's filings, the Court treats the Petition, Amended Petition, and attachment together as alleging the following grounds for relief:

(a)    Amendment of indictment

(b)    Double jeopardy

(c)    Malice charge

(d)    *Brady* violation

(e)    Alibi witness[7]

(f)    Prosecutor and judge acted/failed to act, thereby infecting the trial

(g)    Trial counsel failed to preserve legal errors and make objections

(h)    Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law

(i)    The PCR court erred in not ruling on all 30 issues raised and not ruling on Petitioner's motions[8]

(j)    Face accuser
       (i)    Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify

(k)    Amendment of indictment

---

[7] Grounds (a) through (e) are found in the Petition and Amended Petition. [Docs. 1; 7.] Although these issues are also addressed in the attachment, the Court lists them separately here because Petitioner addresses them in the attachment as ineffective assistance of counsel claims and appears to raise them in the Petition and Amended Petition as direct claims.

[8] Grounds (f) through (i), to the extent Petitioner raises these as grounds for relief, are found in the introductory section of the attachment. [Docs. 1-1 at 9–13; 7-1 at 9–13.]

9

     (i)    Petitioner's due process was violated when his indictment was impermissibly amended because he was convicted of wanton murder but was indicted for intentional murder, the indictment lacked essential elements and did not state anyone else was involved

     (ii)   Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment

(m)   Double jeopardy

     (i)    Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment

(n)   Subject matter jurisdiction[9]

     (i)    Trial and appellate counsel were ineffective for failing to challenge a deficiency in the indictment

     (ii)   Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner

     (iii)  Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing

     (iv)  Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful

     (v)   Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge

     (vi)  Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest

     (vii)  Trial and appellate counsel were ineffective for failing to argue the indictment was never stamped and filed with the Clerk of Court

     (viii) Trial and appellate counsel were ineffective for failing to argue the arrest warrant was never properly filed with the Clerk of Court within 15 days from the date of arrest

     (ix)  Trial and appellate counsel were ineffective for failing to argue Petitioner had no way of knowing what Code § 16-3-20 was for because there was no description of the offense in the indictment and this code section was not on the arrest warrant

---

[9]The Court construes each argument under the labeled issue "subject matter jurisdiction" as an ineffective assistance of trial and appellate counsel claim because the initial paragraph under this issue states, "[Petitioner] argues trial lawyer and direct appeal lawyer was ineffective assistance of counsel for failing to bring up or argue on record or object or make any motion in [Petitioner's] defense on any of the following issues . . . ." [Docs. 1-1 at 22; 7-1 at 21.]

(o)    No probable cause
   (i)    Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case

(p)    Request a jury during sentencing
   (i)    Trial counsel was ineffective for failing to request a jury trial during the sentencing phase of trial

(q)    Alibi witness
   (i)    Trial counsel was ineffective for failing to request an alibi instruction, failing to contact or investigate alibi defense witnesses, and failing to advise Petitioner that the State had no substantial evidence of his guilt and therefore a potential alibi defense existed

(r)    Malice charge
   (i)    Trial and appellate counsel were ineffective for failing to object to an improper malice instruction

(s)    *Brady* violation
   (i)    Trial counsel failed to give Petitioner a copy of the sworn written affidavits of several people stating Petitioner chased, stabbed, and asphyxiated the decedent
   (ii)   Trial counsel failed to give Petitioner a copy of the videotape confession of a witness and failed to request an inspection of the videotape or inform Petitioner of his right to attend a viewing of the videotape
   (iii)  Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants
   (iv)   Trial counsel failed to provide Petitioner with the bill of indictment or bill of particulars
   (v)    Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial

(t)    Reasonable doubt
   (i)    Trial and appellate counsel were ineffective for failing to challenge the reasonable doubt jury instruction

(u)    Hands of one, hands of all
   (i)    Trial counsel was ineffective for failing to object to admission of co-conspirator hearsay
   (ii)   Trial counsel was ineffective for failing to challenge hands of one, handls of all theory because the State did not establish a conspiracy

11

(v)     Abuse of discretion[10]
   (i)    Trial counsel was ineffective for failing to object to inadmissible evidence
   (ii)   Trial counsel was ineffective for failing to object to leading questions
   (iii)  Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law
   (iv)   Trial counsel was ineffective for failing to object when the trial judge allowed trial counsel to make a racist remark at trial
   (v)    Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony
   (vi)   Trial counsel was ineffective for failing to object when the trial judge failed to rule on showing the jury a videotape of a witness showing an inconsistent statement
   (vii)  Trial counsel was ineffective for failing to object to opening and closing remarks when the solicitor said Petitioner was a drug dealer

(w)    Criminal history
   (i)    Trial counsel was ineffective when he withheld from Petitioner and jury witness Larry Gilliam's criminal background

(x)     Failure to impeach witness
   (i)    Trial counsel was ineffective for failing to impeach the State's eyewitness[11]

As stated, on September 20, 2013, the Court granted in part Respondent's motion for summary judgment and directed Respondent to refile its motion for summary judgment with respect to the eighteen remaining issues on which summary judgment was not granted.[12]  [Doc. 118.]  On October 21, 2013, Respondent filed an amended motion for

---

[10]The Court construes each argument under the labeled issue "abuse of discretion" as an ineffective assistance of trial counsel claim because the initial paragraph under this issue states, "[Petitioner] argues the trial lawyer was ineffective assistance of counsel, when he failed to object or put on record or make any motion in [Petitioner's] defense on the abuse of discretion on the following issues."  [Docs. 1-1 at 48; 7-1 at 47.]

[11]Grounds (j) through (x) and any sub-issues raised under these grounds are found in the attachment. [Docs. 1-1 at 13–64; 7-1 at 13–63.]

[12]The eighteen issues are as follows:

   (g)    Trial counsel failed to preserve legal errors and make objections

summary judgment.  [Doc. 123.]  On November 7, 2013, Petitioner filed a response in

opposition [Doc. 127] and a motion for judgment on the pleadings [Doc. 128].  All motions

are ripe for review.

---

|       |         |                                                                                                                                                                                                   |
|-------|---------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| (h)   |         | Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law                           |
| (j)   | (i)     | Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify                                                                           |
| (k)   | (ii)    | Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment                                                                         |
| (m)   | (i)     | Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment |
| (n)   | (ii)    | Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner                                                                                     |
| (n)   | (iii)   | Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing                                                                                |
| (n)   | (iv)    | Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful |
| (n)   | (v)     | Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge |
| (n)   | (vi)    | Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest                                                |
| (n)   | (vii)   | Trial and appellate counsel were ineffective for failing to argues the indictment was never stamped and filed with the Clerk of Court                                                             |
| (o)   | (i)     | Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case |
| (s)   | (iii)   | Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants                                                                             |
| (s)   | (v)     | Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial                                                                                               |
| (v)   | (i)     | Trial counsel was ineffective for failing to object to inadmissible evidence                                                                                                                        |
| (v)   | (ii)    | Trial counsel was ineffective for failing to object to leading questions                                                                                                                           |
| (v)   | (iii)   | Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law                                                                                     |
| (v)   | (v)     | Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony. |

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

14

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

15

> (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's

16

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or

17

(B)    (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C.

18

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[13] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in

---

[13]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

20

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of

procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental

22

miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Procedural Bar**

As stated in the August 6, 2013 Report and Recommendation, the following claims were raised to the South Carolina Supreme Court in either the *Johnson* petition or Petitioner's pro se petition for writ of certiorari but were not addressed at all or were not addressed in the same manner the claim was brought here in the PCR court's final order of dismissal:

| (g) | Trial counsel failed to preserve legal errors and make objections |
|---|---|
| (h) | Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law |
| (j)(i) | Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify |
| (k)(ii) | Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment |
| (m)(i) | Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment |
| (n)(ii) | Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner |

(n)(iii)    Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing

(n)(iv)    Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful

(n)(v)    Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge

(n)(vi)    Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest

(n)(vii)    Trial and appellate counsel were ineffective for failing to argue the indictment was never stamped and filed with the Clerk of Court

(o)(i)    Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case

(s)(iii)    Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants

(s)(v)    Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial

(v)(i)    Trial counsel was ineffective for failing to object to inadmissible evidence

(v)(ii)    Trial counsel was ineffective for failing to object to leading questions

(v)(iii)    Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law

(v)(v)    Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony.

Petitioner failed to file a Rule 59(e) motion to preserve for appeal any of these issues that were not addressed by the PCR court; therefore, they are procedurally barred from federal

habeas review, *see Marlar*, 653 S.E.2d 266, absent a showing of cause and actual prejudice.

**Cause and Prejudice**

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, Petitioner argues he can establish cause for the procedurally barred claims of ineffective assistance of trial counsel under *Martinez* because Brooks failed to file a Rule 59(e) motion after the PCR court filed its order. Additionally, Petitioner included with his Petition a letter from Brooks indicating Brooks would file a Rule 59(e) motion only if the PCR court's order did not address all issues in Brooks's professional opinion. [Doc. 1-3 at 2.] The Court previously found that Petitioner's argument regarding Brooks's failure to file a Rule 59(e) motion could establish cause for the procedural fault on these grounds but noted that it was unable to determine what issues were potentially impacted because the 220-page attachment to Petitioner's PCR application was not included in the record before the Court at that time; therefore, the Court could not determine whether the issues were ever raised to the PCR court. [Doc. 106.] Respondent included the 220-page attachment with his amended motion for summary judgment and after reviewing the attachment, the Court concludes that construing the attachment liberally, each of the eighteen remaining issues was addressed in the 220-page

attachment; therefore, the Court must determine if Petitioner can establish cause under *Martinez* for the default of these claims based on his argument that Brooks was ineffective in failing to file a Rule 59(e) motion.

In *Martinez*, the Supreme Court elaborated,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Petitioner may establish cause for the default of these grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit. Here, the Court concludes that Petitioner cannot establish cause for the default because the underlying ineffective assistance of trial counsel claims have no merit.

In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability

26

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

> ### (g)    *Trial counsel failed to preserve legal errors and make objections*[14]

Petitioner has failed to specify what errors were not preserved and what objections should have been made. As argued by Respondent, Petitioner's allegations in the introductory section with respect to counsel's failure to preserve legal errors and make objections are too vague to warrant relief. *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."); *see also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). Accordingly, Petitioner has not established trial counsel was ineffective and, therefore, *Martinez* does not excuse the procedural bar to this ground.

> ### (h)    *Petitioner's civil rights were violated where the State and counsel conspired to deprive him of constitutional right by securing his conviction under color of state law*

Petitioner has offered no evidence that the State and counsel conspired to deprive him of any constitutional rights. "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson*, 971 F.2d at 1136, *overruled on*

---

[14]As previously stated, the Court has liberally construed Petitioner's attachment to the Petition and Amended Petition as potentially raising grounds (g) and (h) in the introductory section of the attachment.

*other grounds by Gray*, 518 U.S. at 165–66.  Therefore, Petitioner has not established trial counsel was ineffective and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (j)(l)    Petitioner was denied the right to confront witnesses/trial counsel was ineffective for not calling witnesses to testify

As a direct claim, this ground is not affected by *Martinez* because *Martinez* applies only to underlying ineffective assistance of counsel claims.  With respect to the ineffective assistance of trial counsel claim, the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial." *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998).  Because Petitioner failed to present any witness at the evidentiary hearing and has failed to submit any evidence of what the proposed witness's testimony would be, any discussion of what would have happened at trial if his accuser had been put on the stand is purely speculative.  Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (k)(ii)    Trial and appellate counsel were ineffective for not objecting when jury instruction broadened the scope of the indictment

With respect to Petitioner's ineffective assistance of appellate counsel claim, Respondent argues that appellate counsel could not be ineffective for failing to raise an issue that was not preserved for appellate review.  The Court agrees.  In South Carolina courts, "[i]ssues not properly preserved at trial may not be raised for the first time on

appeal." *State v. Vanderbilt*, 340 S.E.2d 543, 544 (S.C. 1986). Here, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish that trial counsel was deficient for failing to object to the jury instruction. Petitioner was indicted for murder. [App. 1064–65.] Under South Carolina law, "'[m]urder' is the killing of any person with malice aforethought, either express or implied." S.C. Code. § 16-3-10. The jury was instructed that "[t]he State must prove beyond a reasonable doubt that [Petitioner] killed another person with malice aforethought." [App. 741.] The jury was further instructed that, "if a crime is committed by two or more people who are acting together in committing a crime, the act of one is the act of all." [App. 743.] Petitioner appears to argue that the jury instructions broadened the scope of the indictment and permitted a conviction for an uncharged offense because the indictment did not indicate anyone else was involved in the crime nor did it state that Petitioner ordered someone else to kill the victim. [Doc. 1-1 at 17–18.] "Under the 'hand of one is the hand of all theory,' one who joins another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." *State v. Condrey*, 562 S.E.2d 320, 324 (S.C. Ct. App. 2002) (citing *State v. Langley*, 515 S.E.2d 98 (S.C. 1999)). "It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense." *State v. Dickman*, 534 S.E.2d 268, 269 (S.C. 2000) (citations omitted). Accordingly, Petitioner has not established trial counsel's representation fell below an

29

objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

> ### (m)(i)  Trial counsel was ineffective for failing to argue defense of double jeopardy because sentence constituted cruel and unusual punishment and violated double jeopardy when Petitioner was convicted of a crime that was different from the crime charged in the indictment

Petitioner cannot establish a double jeopardy violation or that his sentence was cruel and unusual punishment.  Under the Fifth Amendment, a person may not be "twice put in jeopardy of life or limb" for the same offense.  In general terms, this language has been interpreted to bar prosecution in the following three situations:

1. Where a person would be tried for the same offense after an acquittal;

2. Where a person would be tried for the same offense after a conviction; or

3. Where a person would receive more than one punishment for the same offense.

*See Benton v. Maryland*, 395 U.S. 784 (1969); *North Carolina v. Pearce*, 395 U.S. 711 (1969).  Here, Petitioner was tried and convicted of murder only once and does not allege that he meets any of these three situations.[15]  Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

---

[15]Petitioner's argument regarding double jeopardy appears to be the same argument he made with respect to the jury instruction in ground (k)(ii)—that the indictment omitted essential elements of the offense, that he was convicted of a crime different from that alleged in the indictment, that the evidence at trial proved a crime different from that charged in the indictment, and/or that the jury instructions broadened the scope of the indictment which permitted a conviction for an uncharged offense.  These allegations do not establish a double jeopardy violation.  To the extent Petitioner alleges his life sentence constitutes cruel and unusual punishment, this allegation is without merit.  *See, e.g., United States v. D'Anjou*, 16 F.3d 604, 613–14 (4th Cir. 1994) ("Since a mitigating factors analysis is not required to avoid an Eighth Amendment violation, this necessarily means that the imposition of life without parole is not cruel and unusual." (citing *Harmelin v. Mich.*, 501 U.S. 957, 995–96 (1991))).

### *(n)(ii) Trial and appellate counsel were ineffective for failing to argue a detective's testimony prejudiced Petitioner*

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, as argued by Respondent, Petitioner's allegations are too vague to warrant relief where he does not allege which detective's testimony was prejudicial.[16]   *Aubut*, 431 F.2d at 689; *see also Nickerson*, 971 F.2d at 1136, *overruled on other grounds by Gray*, 518 U.S. at 165–66. Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### *(n)(iii)     Trial and appellate counsel were ineffective for failing to argue Petitioner was not accorded a preliminary hearing*

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

---

[16]As previously noted, the Court has liberally construed the Petition as raising unlabeled sub-issues. To the extent this ground is raised as a separate and individual sub-issue, it is vague. However, to the extent Petitioner refers to allegations regarding detective Tom Marshall's testimony, such claim is addressed below in grounds (n)(iv) and (n)(v).

31

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish trial counsel was deficient for failing to argue Petitioner was not afforded a preliminary hearing. A preliminary hearing is not one to which Petitioner is entitled either by federal or state constitutional law or state court rule after the grand jury has determined probable cause. The South Carolina Court of Appeals explained the state court right to a preliminary hearing in *State v. Ballington*:

> Every criminal defendant is entitled to notice of his right to a preliminary hearing "to determine whether sufficient evidence exists to warrant [his] detention and trial." Rule 2(a), S.C. R. Crim. P. If a defendant makes a timely request for a hearing, one should be held within ten days. Rule 2(a)-(b), S.C. R. Crim.P. However, the hearing "shall not be held . . . if the defendant is indicted by a grand jury . . . before the preliminary hearing is held." Rule 2(b), S.C. R. Crim. P.; *see also State v. Hawkins*, 424 S.E.2d 50, 53 (S.C. Ct. App. 1992) (holding trial court did not err in refusing to quash defendant's indictments because he did not receive a requested preliminary hearing because he was indicted before a preliminary hearing was held). Furthermore, a defendant has no constitutional right to a preliminary hearing. *State v. Keenan*, 296 S.E.2d 676, 678 (S.C. 1982). Thus, although Ballington may have timely requested a preliminary hearing, his right to have the hearing ended with the grand jury's indictment.
>
> Furthermore, the circuit court judge could not restore the right to a preliminary hearing by ordering a post-indictment preliminary hearing. The trial court obtained jurisdiction over Ballington by way of the grand jury's indictment. *See* S.C. Const. art. I, § 11 ("No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury[.]").

551 S.E.2d 280, 283 (S.C. Ct. App. 2002) (alterations in *Ballington*). Here, Petitioner was indicted in January 2001 for murder. [App. 1064–65.] Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of

reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (n)(iv)    Trial and appellate counsel were ineffective for failing to argue detective Tom Marshall's conduct while testifying in front of the grand jury deprived Petitioner of rights and privileges guaranteed by the Constitution because detective Marshall's testimony was untruthful

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish that Marshall's testimony was untruthful. "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson*, 971 F.2d at 1136, *overruled on other grounds by Gray*, 518 U.S. at 165–66. Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (n)(v)  Trial and appellate counsel were ineffective for failing to argue the investigator testified before the grand jury to information about which the investigator did not have first hand knowledge

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an

issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish trial counsel was deficient for failing to argue that the investigator testified before the grand jury to information about which he did not have first hand knowledge. Testimony by investigative officers providing a summary of evidence is admissible in grand jury proceedings in South Carolina.  *State v. Whitted*, 305 S.E.2d 245, 246 (S.C. 1983), *overruled on other grounds by State v. Collins*, 495 S.E.2d 202 (S.C. 1988).  Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

> **(n)(vi)     Trial and appellate counsel were ineffective for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest**

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial.  Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish trial counsel was deficient for failing to argue the State failed to file the indictment within 180 days after Petitioner's arrest.  First, the Court notes that Rule 3(c) of the South Carolina Rules of Criminal Procedure requires that, "[w]ithin ninety (90) days

after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number, and presented to the Grand Jury . . . ." Accordingly, the Court construes Petitioner's argument to be that trial counsel was ineffective for failing to argue the State failed to file the indictment within 90 days, rather than 180 days, after Petitioner's arrest.[17] However, the rule requiring an indictment to be filed within 90 days of an arrest warrant is administrative, not jurisdictional; therefore, violation of this rule would not have entitled Petitioner to relief. *State v. Edwards*, 649 S.E.2d 112, 127 (S.C. Ct. App. 2007) (citing *State v. Culbreath*, 316 S.E.2d 681 (1984)). Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

> **(n)(vii)**     ***Trial and appellate counsel were ineffective for failing to argue the indictment was never stamped and filed with the Clerk of Court***

With respect to Petitioner's ineffective assistance of appellate counsel claim, Petitioner concedes that trial counsel failed to raise the issue at trial. Accordingly, as discussed above, appellate counsel could not have been ineffective for failing to raise an issue that was not preserved for appellate review and, therefore, *Martinez* does not excuse the procedural bar to this ground.

With respect to Petitioner's ineffective assistance of trial counsel claim, Petitioner cannot establish trial counsel was deficient for failing to argue the indictment was never

---

[17]Petitioner has failed to include a citation to the state court rule or statute he relies on for his argument that the indictment was not filed within 180 days.

stamped and filed with the Clerk of Court. Again, Rule 3 of the South Carolina Rules of Criminal Procedure is administrative, not jurisdictional; therefore, violation of this rule would not have entitled Petitioner to relief. *Edwards*, 649 S.E.2d at 127 (citing *Culbreath*, 316 S.E.2d 681). Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, *Martinez* does not excuse the procedural bar to this ground.

> ### (o)(i)  Trial counsel was ineffective for failing to inform Petitioner of the law in relation to the facts that the 4th Amendment requires probable cause supported by oath and/or affirmation and how the 4th Amendment was relevant to this case[18]

Petitioner cannot establish he was prejudiced as a result of trial counsel failing to inform Petitioner about the 4th Amendment. Petitioner was indicted by a grand jury in January 2001 for murder. [App. 1064–65.] The indictment satisfies any federal constitutional concerns as to a determination of probable cause. *Jackson v. Warden*, No. 8:09-906-MBS-BHH, 2012 WL 5384886, at *9 n.4 (D.S.C. Mar. 25, 2010), *Report and Recommendation adopted by* 2010 WL 3282992 (D.S.C. Aug. 19, 2010). Accordingly, even if the Court assumes trial counsel failed to inform Petitioner about 4th Amendment law and its applicability to Petitioner's criminal case, because Petitioner was indicted, Petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if counsel had informed Petitioner about the 4th Amendment. Therefore, *Martinez* does not excuse the procedural bar to this ground.

---

[18]Although the PCR court addressed whether trial counsel was ineffective for failing to argue there was no probable cause to issue a warrant for Petitioner's arrest, the PCR court did not address this ground with respect to counsel's failure to inform Petitioner about 4th Amendment law.

### (s)(iii) Trial counsel failed to inform Petitioner or present to Petitioner any of the plea bargain agreements of co-defendants

Petitioner cannot establish he was prejudiced as a result of trial counsel failing to inform Petitioner about his co-defendants' plea bargains. The record shows that trial counsel impeached the co-defendants regarding any plea agreements they had. [App. 380:20–381:5; 447:20–448:10; 539:18–540:20.] Accordingly, even if the Court assumes trial counsel failed to inform Petitioner about the plea agreements, because counsel used them to impeach the co-defendant witnesses at trial, Petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if counsel had informed Petitioner about the plea agreements. Therefore, *Martinez* does not excuse the procedural bar to this ground.

### (s)(v) Petitioner learned about Charles Guyer's April 5, 2000 written statement for the first time at trial

Petitioner cannot establish he was prejudiced as a result of trial counsel failing to inform Petitioner about Guyer's April 5, 2000 written statement. The record shows that trial counsel impeached Guyer regarding the April 5, 2000 written statement. [App. 602:8–617:12.] Accordingly, even if the Court assumes trial counsel failed to inform Petitioner about the statement, because counsel used it to impeach Guyer at trial, Petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if counsel had informed Petitioner about the April 5, 2000 written statement. Therefore, *Martinez* does not excuse the procedural bar to this ground.

37

### (v)(i)   Trial counsel was ineffective for failing to object to inadmissible evidence

Although Petitioner includes citations to the trial transcript under this sub-issue, Petitioner fails to specify why he alleges the testimony was inadmissible.  As argued by Respondent, Petitioner's allegations with respect to counsel's failure to object to inadmissible evidence are too vague to warrant relief.  *Aubut*, 431 F.2d at 689; *see also Nickerson*, 971 F.2d at 1136, *overruled on other grounds by Gray*, 518 U.S. at 165–66. Accordingly, Petitioner has not established trial counsel was ineffective and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (v)(ii)   Trial counsel was ineffective for failing to object to leading questions

Petitioner includes citations to two pages of the trial transcript under this sub-issue, but Petitioner does not challenge the admissibility of the testimony itself and instead only challenges the form of the question.  As argued by Respondent, if trial counsel had objected to any leading questions, the State could have restated the question in a non-leading manner, and the testimony would have been admitted.  Accordingly, Petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if counsel had objected to leading questions.  Therefore, *Martinez* does not excuse the procedural bar to this ground.

### (v)(iii)  Trial counsel was ineffective for failing to challenge sentence that was in violation of state and federal law

As previously stated, Petitioner's allegation that his life sentence constitutes cruel and unusual punishment is without merit.  *See, e.g.*, *D'Anjou*, 16 F.3d at 613–14. Moreover, Petitioner's sentence is within the statutory framework.  S.C. Code § 16-3-20..

Accordingly, Petitioner has not established trial counsel was ineffective and, therefore, *Martinez* does not excuse the procedural bar to this ground.

### (v)(v)   Trial counsel was ineffective for failing to object when the trial judge sent the jury to the jury room and then allowed the solicitor and trial counsel to mislead the jury during Petitioner's testimony

Petitioner alleges the solicitor and trial counsel directed a witness to mislead the jury about where a conversation took place when the conversation took place in a county jail but the solicitor told the witness to "just say it took place in New York."  However, this direction was to protect Petitioner from testimony indicating that these statements were made while Petitioner was incarcerated.  Petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if counsel had objected to this testimony and instead the witness had testified that the conversation took place in jail.  Therefore, *Martinez* does not excuse the procedural bar to this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and Petitioner's motion for judgment on the pleadings be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 30, 2014
Greenville, South Carolina