IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Blanding, ) | Civil Action No. 8:12-1179-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of McCormick Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Ronald Blanding, ("Petitioner"), a state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On May 30, 2014 the Magistrate Judge issued a Report, (ECF No. 149), recommending that Respondent's Amended Motion for Summary Judgment, (ECF No. 123), be granted and that Petitioner's Motion for Judgment on the Pleadings, (ECF No. 128), be denied. Petitioner filed a timely Objection to the Report on June 12, 2014. (ECF No. 151).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken a *de novo* review, even though Petitioner's ninety three page Objection is non-specific in nature and consists of a restatement of arguments already advanced in his Petition. (ECF No. 151). No where in Petitioner's lengthy Objection, or in his "Motion for Relief from Judgment" filed concurrently with his Objection, does Petitioner meaningfully address the core of the Magistrate Judge's analysis, specifically, the Magistrate Judge's determination that Petitioner cannot establish the requisite "cause" to overcome the procedural bar for any of the eighteen claims still under consideration, since Petitioner has not shown that any of the underlying ineffective assistance of counsel claims have merit under *Strickland v. Washington*, 466 U.S. 668 (1984).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 149). Respondent's Amended Motion for Summary Judgment, (ECF No. 123), is **GRANTED** and Petitioner's Motion for Judgment on the Pleadings, (ECF No. 128), is **DENIED**. Petitioner's Motion for Relief from Judgment, (ECF No. 152), is likewise **DENIED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific

issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis  
United States District Judge

July 31, 2014  
Spartanburg, South Carolina